USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/26/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                  :
AARON RAPAPORT,                   :
                   :
            Plaintiff,     :
                   :     16-CV-2617 (VSB) (JCF)
     -v-                :
                   :     **OPINION AND ORDER**
COMMISSIONER OF SOCIAL SECURITY, :
                   :
            Defendant. :
                   :
------------------------------------------------------X

Appearances:

Lewis B. Insler
Law Office of Lewis B. Insler
White Plains, New York
*Counsel for Plaintiff*

Amanda F. Parsels
Allison Rovner
United States Attorney's Office
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Aaron Rapaport brings this action pursuant to § 1631(c)(3) of the Social Security Act (the "SSA"), 42 U.S.C. § 1383(c)(3), seeking judicial review of a denial by the Commissioner of Social Security (the "Commissioner") of his application for Supplemental Security Income ("SSI"). Plaintiff and Defendant cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On April 5, 2017, Magistrate Judge James C. Francis IV issued a detailed and thorough Report and Recommendation ("Report" or "R&R") recommending that Plaintiff's motion for judgment on the pleadings be denied and the Commissioner's cross-motion for judgment on the pleadings be granted.

(Doc. 21.) Before me is Plaintiff's objection to the Report and Defendant's response to the objection. For the reasons discussed below, I adopt the Report in full.

I.  **Factual Background and Procedural History**

I assume the parties' familiarity with the facts and record of prior proceedings and restate briefly only the information necessary to explain my decision.[1]

Plaintiff was born on September 22, 1986 at 32 weeks gestation. (R&R 1–2.)[2] Plaintiff's claim of disability relates to certain developmental and psychiatric issues, including anxiety, depression, panic attacks, adjustment disorder, Asperger's syndrome, and other related conditions. (R&R 2, 12, 17.) Plaintiff graduated from high school in 2004, completed college in 2008, and received a master's degree in library science in 2011. (R&R 2, 12.) From 2012 until 2013, Plaintiff worked part-time as a library assistant at the New City Jewish Center until his job was terminated due to the Center's financial difficulties. (R&R 2, 12.) Plaintiff has not worked since 2013. (R&R 2.)

On November 30, 2012, Plaintiff filed his application for SSI benefits. (R&R 12.) On June 14, 2013, Plaintiff's application was denied. (R&R 12.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on June 26, 2014 before ALJ Robert Gonzalez. (R&R 12.) On September 15, 2014, ALJ Gonzalez issued a decision finding that although Plaintiff had some mental limitations, he retained the residual functional capacity ("RFC") to work at all physical exertional levels, to understand, remember, and carry out simple instructions, to deal with changes in a routine work setting, and to occasionally interact with

---

[1] A more detailed description of the underlying facts and procedural history is contained in Magistrate Judge Francis's Report and Recommendation, dated April 5, 2017. (Doc. 21.)

[2] "R&R" refers to Magistrate Judge Francis's Report and Recommendation, dated April 5, 2017. (Doc. 21.)

supervisors, coworkers, and the public, and was therefore not disabled under the SSA. (R. 9, 15, 19.)[3] On February 10, 2016, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's determination the final decision of the Commissioner in this case. (R&R 13.)

Plaintiff filed this action on April 7, 2016. (R&R 13.) I referred the case to Magistrate Judge Francis on June 20, 2016. (Doc. 10.) Magistrate Judge Francis issued his Report on April 5, 2017. (Doc. 21.) On April 10, 2017, Plaintiff filed his objection to the Report. (Doc. 22.) On April 24, 2017, the Commissioner filed a response to Plaintiff's Objection. (Doc. 23.)

## II. Legal Standards

### A. *Review of the Magistrate Judge's Report*

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may make objections to a report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)). "If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

---

[3] "R." refers to the Certified Administrative Record of proceedings relating to this case, submitted by the Commissioner on May 17, 2016. (Doc. 13.)

3

made." *Bush v. Colvin*, No. 15 Civ. 2062 (LGS) (DF), 2017 WL 1493689, at *4 (S.D.N.Y. Apr. 26, 2017) (quoting *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). "Even where exercising de novo review, a district court 'need not specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety.'" *Id.* (quoting *Morris v. Local 804, Int'l Bd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order)).

A party's objection "must be specific and clearly aimed at particular findings in the R&R." *Bussey v. Rock*, No. 12-CV-8267 (NSR) (JCM), 2016 WL 7189847, at *2 (S.D.N.Y. Dec. 8, 2016) (internal quotation marks omitted). "[T]he court will review the R&R strictly for clear error when a party makes only conclusory or general objections, or simply reiterates the original arguments." *Id.* (internal quotation marks omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (noting that reviewing court "is only obliged to review the Report for clear error" where "objections largely reiterate the arguments made to, and rejected by" the magistrate judge); *Vega v. Artuz*, No. 97Civ.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations.").

    **B.** *Review of the Commissioner's Decision*

In reviewing a social security claim, "it is not [the court's] function to determine *de novo* whether plaintiff is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)); *see also Riordan v. Barnhart*, No. 06 CIV 4773 AKH, 2007 WL 1406649, at *4 (S.D.N.Y. May 8, 2007). Instead, a reviewing court considers merely whether the correct legal standards were applied and whether "substantial evidence" supports the

4

decision. *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008); *see also* 42 U.S.C. § 405(a) (stating that, on judicial review, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (internal quotation marks omitted). It is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 448 (2d Cir. 2012) (citing *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999)). "The substantial evidence standard means once an ALJ finds facts, [a reviewing court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Id*. (internal quotation marks omitted).

### C. *Disability Standard*

To be considered disabled under the SSA, a claimant must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment," which has lasted or can be expected to last for at least 12 months, that is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." 42 U.S.C. § 423(d)(1)(A), (2)(A). The Commissioner has established a five-step evaluation process to determine whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work

5

experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. [T]he claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

### III. Discussion

In his objection to the R&R, Plaintiff asserts that (1) the ALJ erred by considering his success in college and graduate school and his ability to work part time in evaluating Plaintiff's RFC and in weighing certain opinion evidence, (2) the ALJ erroneously failed to obtain testimony from a vocational expert, and (3) certain evidence presented for the first time to the Appeals Council was improperly ignored. (*See generally* Pl.'s Obj.)[4] These arguments are not addressed to legal or factual issues that Magistrate Judge Francis failed to consider in his Report, since Plaintiff raised each of these arguments in his memorandum in support of judgment on the pleadings. (*See* Pl.'s Mem. 13, 15–16, 21–23.)[5] Magistrate Judge Francis rejected each of these arguments in his R&R. (*See generally* R&R.) I address each of Plaintiff's objections in turn below.

#### A. *Opinion Evidence and Substantial Evidence in Support of RFC*

Plaintiff argues that the ALJ erred by considering Plaintiff's "success" in college and graduate school and as a part time librarian in evaluating Plaintiff's RFC and weighing the

---

[4] "Pl.'s Obj." refers to Plaintiff's Objection to Magistrate's Report and Recommendation, dated April 10, 2017. (Doc. 22.)

[5] "Pl.'s Mem." refers to the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings, dated October 8, 2016. (Doc. 15.)

opinion of Dr. Judka, Plaintiff's psychiatrist, who opined that Plaintiff was incapable of self-sustaining employment due to his developmental and psychological disorders. (Pl.'s Obj. 1–2.) Magistrate Judge Francis concluded in his Report that "the ALJ applied the treating physician rule correctly" and "gave good reasons for not granting great or controlling weight to the opinion[] of Dr. Judka," due to its inconsistency with Plaintiff's educational success in college, his vocational success as a librarian, and his activities of daily living. (R&R 22–24.) I agree.

The "treating physician rule" provides that a treating physician's opinion "is deemed controlling only if it is well-supported by clinical evidence." *Schaal*, 134 F.3d at 504. In other words, an ALJ need not afford great or controlling weight to a treating physician when substantial evidence in support is lacking. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004). ALJ Gonzalez properly assessed Dr. Judka's opinion in light of the record as a whole and provided sufficient reasons for not granting significant weight to the opinion, including describing the inconsistency of the opinion with Plaintiff's educational and vocational success. *See, e.g.*, *Petagine v. Colvin*, No. 13-cv-6005, 2015 WL 8362575, at *7 (S.D.N.Y. Dec. 7, 2015) ("Given Plaintiff's daily life as a student, medical evidence from other sources, and Plaintiff's own statements at the hearing, it would be misguided for the Court to find that the ALJ was not supported by substantial evidence in giving little weight to [the therapist's] opinion."); *see generally Klodzinski v. Astrue*, 274 F. App'x 72, 73 (2d Cir. 2008) (summary order) (upholding ALJ's decision giving little weight to opinion of plaintiff's treating physician where opinion was contradicted by substantial evidence in the record). Plaintiff does not point to evidence Magistrate Judge Francis failed to consider where Dr. Judka justified his opinion in light of Plaintiff's prior educational and vocational successes.

Moreover, when making an RFC determination, the ALJ considers a claimant's physical

abilities, mental abilities, and symptomatology, including pain and other limitations that could interfere with work activities on a regular and continuing basis. *See Butler v. Colvin*, No. 14-CV-2325 (SN), 2015 WL 3606278, at *20 (S.D.N.Y. June 8, 2015); 20 C.F.R. § 404.1545(a). An RFC finding will be upheld when it is supported by "substantial evidence" in the record. *Goodale v. Astrue*, 32 F. Supp. 3d 345, 356 (N.D.N.Y. 2012). ALJ Gonzalez did not err in considering Plaintiff's educational history as substantial evidence to determine that Plaintiff had the requisite RFC to perform a full range of work at all exertional levels. *See, e.g.*, *Evans v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 518, 535 (S.D.N.Y. 2015) (finding that "ALJ could properly use [plaintiff's] academic pursuit as a factor the ALJ may consider in making his determination as to her mental abilities"); *Walters v. Astrue*, No. 10-CV-01038T, 2013 WL 1755727, at *8 (W.D.N.Y. Apr. 24, 2013) (opining that ALJ properly considered that plaintiff's "mental impairments did not prevent him from successfully going to school and obtaining an associate's degree"); *Goodale*, 32 F. Supp. 3d at 355 (noting that plaintiff's "ability to attend and successfully complete a college course of study suggests that his fatigue did not result in a marked limitation").

In addition, the ALJ properly considered Plaintiff's prior work experience even though it was performed part time. In particular, Plaintiff's testimony regarding his ability to perform at his part time job—including getting along with co-workers, researching, organizing, and assisting library visitors, (R. 42–43)—was probative in assessing Plaintiff's RFC. *See Johnston v. Colvin*, No. 13cv2710-VEC-FM, 2015 WL 657774, at *9 (S.D.N.Y. Feb. 13, 2015) ("[Plaintiff's] ability to work part-time, however, remains evidence that the ALJ may consider in determining the severity of [his] impairment."), *report and recommendation adopted*, 2015 WL 1266895 (S.D.N.Y. Mar. 18, 2015). While Plaintiff may have weighed the evidence in the

record differently than the ALJ, or drawn different factual inferences from the evidence, that is not a basis for reversal. *See, e.g.*, *Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) (summary order) ("Plaintiff's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it.").

Thus, Plaintiff fails to show any error in the R&R's conclusion that the ALJ identified good reasons for providing minimal weight to the opinion of Dr. Judka and that substantial evidence supported the ALJ's RFC finding.

### B. *Vocational Expert Testimony*

Plaintiff next argues that ALJ Gonzalez erred by not obtaining the opinion of a vocational expert regarding whether there were jobs in the national economy that Plaintiff could perform. (Pl.'s Obj. 1.) Magistrate Judge Francis correctly determined that the ALJ's decision not to solicit a vocational expert was not error. (R&R 20–22.)

At step five of the sequential disability analysis, the Commissioner can usually meet her burden to establish that, if a plaintiff is unable to perform his past work, there is other work which he could perform by relying on the Medical–Vocational guidelines, commonly referred to as "the Grids." *See Baldwin v. Astrue*, No. 07 Civ. 6958(RJH)(MHD), 2009 WL 4931363, at *20 (S.D.N.Y. Dec. 21, 2009). However, "[i]f a claimant has nonexertional limitations that 'significantly limit the range of work permitted by his exertional limitations,' the ALJ is required to consult with a vocational expert" and exclusive reliance on the Grids is inappropriate. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (quoting *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986)). A nonexertional impairment will "significantly limit" a claimant's range of work "when it causes an additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment

9

opportunity." *Id.* at 411 (internal quotation marks omitted).

Here, the ALJ found that Plaintiff's nonexertional limitations, including the ability to "understand, remember, and carry out simple instructions" and "occasionally interact with supervisors, coworkers, and the public," did not preclude him from performing basic work activities. (R. 15.) The ALJ further observed that Plaintiff's nonexertional limitations "have little or no effect on the occupational base of unskilled work at all exertional levels." (R. 19.) Courts routinely uphold an ALJ's use of the Grids to evaluate limitations similar to those found by ALJ Gonzalez, including restrictions to simple work and limited social interaction. *See, e.g.*, *Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013) (summary order) (concluding that ALJ's reliance on the Grids "to determine that jobs existed in the economy that [plaintiff] could perform" did not constitute error); *Zabala*, 595 F.3d at 410–11 (finding that ALJ's use of the Grids to conclude that plaintiff's nonexertional limitations did not result in an additional loss of work capacity was permissible where plaintiff's mental condition did not limit her ability to perform unskilled work, including carrying out simple instructions); *Laboy v. Comm'r of Soc. Sec.*, No. 13-CV-8590 (KNF), 2015 WL 507895, at *2 (S.D.N.Y. Feb. 5, 2015) (using the Grids to evaluate RFC limited to "simple one/two-step jobs requiring only occasional interaction with others").

Accordingly, because there is substantial evidence that Plaintiff's nonexertional impairments did not "significantly limit the range of work permitted by [his] exertional limitations," the ALJ was not required to consult a vocational expert. *See Zabala*, 595 F.3d at 410–11.

## C. *New Evidence*

Finally, Plaintiff contends that the Appeals Council erred by not considering the newly submitted opinion of Dr. Sheryl Statman, a psychologist. The record before the ALJ included a 2008 psychological report and intelligence test performed by Dr. David Koplon, who stated that Plaintiff "should be successful in the field of Library Science research which may focus on his cognitive and scholastic strengths and minimize close personal relationships." (R. 367–71.) After the ALJ issued his decision, Plaintiff underwent another neuropsychological evaluation with intelligence testing, performed by Dr. Statman. (R. 477–86.) Magistrate Judge Francis correctly found that Dr. Statman's evaluation was cumulative of evidence already in the record and therefore the Appeals Council did not err in declining to consider it. (R&R 26–28.)

According to the SSA, a reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence is "new" if it is "not merely cumulative of what is already in the record." *Harris-Batten v. Comm'r of Soc. Sec.*, No. 05-CV-7188 (KMK)(LMS), 2012 WL 414292, at *6 (S.D.N.Y. Feb. 9, 2012) (citing *Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991)). New evidence is "material" if (i) it is "relevant to the claimant's condition during the time period for which benefits were denied"; (ii) it is "probative"; and (iii) there is "a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (internal quotation marks omitted).

Because nothing in Dr. Statman's opinion constituted new and material evidence, it was

11

proper for the Appeals Council not to consider it. *See, e.g.*, *Diaz v. Colvin*, No. 14 Civ. 2277(KPF), 2015 WL 4402941, at *17 (S.D.N.Y. July 19, 2015) (affirming decision not to consider new evidence because "Plaintiff's 'new evidence' [was] merely cumulative of what was already on the record before the ALJ"). As noted in the R&R, Dr. Statman's report expressly stated that Plaintiff's "overall profile remains consistent." (R&R 29; *see also* R. 482.) Although Plaintiff argues that Dr. Statman's report was not cumulative because it explained why Plaintiff was capable of completing college and graduate school but was unable to perform unskilled work, (Pl.'s Obj. 2), the types of memory and attention deficits identified by Dr. Statman— including "significant limitations in all areas of memory" and "significant attention deficits"— were already documented in the record, (R&R 29; R. 480–83). Dr. Statman's report even concludes that Plaintiff is an "excellent candidate for some basic pre-vocational training, job coaching onsite, and placement in a position com[mensurate] with his academic skills," and that "[p]art time work in a bookstore, library, museum, art center, etc." would be appropriate, and that his "goal should be one year of active competitive employment." (R. 482.)

In light of the foregoing, the Appeals Council properly declined to consider the "new evidence" proffered by Plaintiff.

### IV. <u>Conclusion</u>

I have reviewed the remainder of Magistrate Judge Francis's thorough Report for clear error and find none. Therefore, I adopt the Report in its entirety. Plaintiff's motion for judgment on the pleadings, (Doc. 14), is DENIED, and the Commissioner's cross-motion for judgment on the pleadings, (Doc. 17), is GRANTED.

The Clerk of Court is respectfully directed to terminate the open motions and close the case.

SO ORDERED.

Dated: June 26, 2018
      New York, New York

*Vernon S. Broderick*
Vernon S. Broderick
United States District Judge